# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA, CENTRAL DIVISION

RSM US LLP,

       *Plaintiff*,

v.

CENTERS FOR MEDICARE & MEDICAID SERVICES,

       *Defendant*.

Case No. 4:20-cv-315

## COMPLAINT

1. Plaintiff RSM US LLP ("RSM") brings this action against Defendant the Centers for Medicare & Medicaid Services ("CMS") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). CMS has failed to respond to RSM's request for documents and communications relating to its decision making and administration of loan programs with respect to CoOportunity Health. RSM respectfully requests that the Court compel CMS to comply with the FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1).

## PARTIES

4. Plaintiff RSM US LLP is an Iowa limited liability partnership with an office in Des Moines, Iowa.

5. Defendant CMS is a federal agency within the meaning provided in the FOIA, *see* 5 U.S.C. § 552(f)(1), that is headquartered in Baltimore, Maryland. CMS has possession, custody, and control of records to which RSM seeks and is entitled to access.

## FACTUAL ALLEGATIONS

6. This case arises out of CMS's eight-month-long refusal to comply with its most basic legal obligations under the Freedom of Information Act. CMS first asserted an inapplicable privilege exemption to justify categorically withholding *all* responsive documents in its possession. CMS has now admitted that its position was incorrect. But rather than comply with the law and make a fulsome production, CMS instead dragged its feet, producing small handfuls of documents in a slow drip over several months. The agency made no effort to identify the full corpus of responsive documents, to communicate its findings to RSM, or to produce a comprehensive set of materials in a timely fashion.

7. On August 8, 2019, RSM served an Iowa subpoena, domesticated in the District of Columbia, on Kristen Roberts, Administrator, a person authorized to accept service on behalf of CMS. This state subpoena was directed to CMS, and concerned CMS's oversight of, management of, and relationship with CoOportunity. *See* Ex. A.

8. RSM requested several categories of documents from CMS, including (1) communications between CMS and CoOportunity, its liquidators, its consultants, or its regulators in the Iowa Insurance Division or the Nebraska Department of Insurance; (2) internal and external documents and communications concerning CoOportunity's enrollment, claims experience, plan rates, or reserves; (3) internal and external documents concerning grants and loans, including startup and solvency loans, requested by or awarded to CoOportunity; and (4) documents and communications concerning CoOportunity's liquidation. *See* Ex A.

9. CMS took no action with respect to this properly served subpoena. In fact, CMS did not respond until after RSM resubmitted its request via email to the CMS online FOIA submission portal on January 29, 2020.

10. On February 4, 2020, CMS acknowledged having received RSM's FOIA request on January 29, 2020, and notified RSM that CMS had assigned it control number 012920207016. *See* Ex. B.

11. On May 4, 2020, CMS notified RSM that it had determined to deny access "to any and all responsive documents within CMS's possession pursuant to Exemption 5 of the FOIA." CMS based this decision on an incorrect reading of Exemption 5, asserting that Exemption 5 "permits the withholding of 'inter-agency or intra-agency communication that is subject to deliberative process, litigation, and other privileges.'" *See* Ex. C at 1. This is not a correct quotation or application of Exemption 5, as explained below.

12. On May 14, 2020, RSM, by and through its attorneys, filed an administrative appeal. *See* Ex. D. In its appeal, RSM explained that Exemption 5 does not permit CMS to withhold documents simply because CMS is engaged in related litigation. To the contrary, well-established law holds that Exemption 5 does not shield from disclosure documents that would otherwise be discoverable in litigation. Exemption 5 protects only privileged documents. RSM also argued that neither deliberative process privilege nor any other privilege allows nondisclosure in this case, because RSM does not seek any documents protected by such privileges.

13. CMS did not confirm the docketing of RSM's appeal until June 4, 2020. *See* Ex. E.

14. On June 12, 2020, CMS responded to RSM's appeal with a "full release" letter stating that CMS was releasing sixty-seven pages of court filings from ongoing litigation between

CMS and the liquidators of CoOportunity. *See* Ex. F. All sixty-seven pages of documents produced were already publicly available on PACER. CMS produced no documents that were not already publicly available. RSM's counsel inquired with CMS as to whether this production constituted CMS's final and complete response to RSM's request. CMS did not provide an answer.

15. On June 16, 2020, CMS advised RSM that it was CMS's position that because the solvency loan program is relevant to ongoing litigation between CMS and the liquidators of CoOportunity, documents related to that program would not be released. *See* Ex. G. In subsequent dialogue between CMS and counsel for RSM, RSM asked CMS to clarify whether the full release letter was its full and final response to RSM's request. CMS did not provide a definite answer. It instead advised RSM that it would consider whether to produce any additional documents in response to RSM's request.

16. On June 30, 2020, RSM again requested clarity on whether CMS's June 12, 2020 response was its full and final answer to RSM's request. *See* Ex. H. RSM reiterated that CMS was improperly invoking Exemption 5 to avoid production of non-privileged documents.

17. On July 1, 2020, CMS responded to RSM's June 30, 2020 letter and stated that it "agreed" with RSM's position. CMS advised RSM that "records would be forthcoming." *See* Ex. I.

18. On July 21, 2020, CMS issued another "full release" letter in which CMS stated that it had identified and was releasing thirty-three pages of responsive documents. *See* Ex. J. This letter stated that CMS was providing documents in response only to RSM's request for documents exchanged between CMS and the liquidators of CoOportunity. *Id.* at 1. CMS released no internally created documents.

19. On July 31, 2020, CMS issued another "full release" letter in which CMS stated that it had identified and was releasing nine pages of responsive documents. *See* Ex. K. This letter stated that CMS was providing documents in response only to RSM's request for documents exchanged between CMS and the liquidators of CoOportunity. *Id.* at 1. CMS released no internally created documents.

20. On August 6, 2020, CMS issued yet another "full release" letter in which CMS stated that it had identified and was releasing twenty-eight pages of responsive documents. *See* Ex. L. This letter again stated that CMS was providing documents in response only to RSM's request for documents exchanged between CMS and the liquidators of CoOportunity. *Id.* at 1. CMS released no internally created documents.

21. It has been more than seven months since RSM's FOIA request was received, and more than four months since RSM's administrative appeal was filed. In all that time, CMS has ignored virtually all of RSM's requests. In response to RSM's request for documents and communications exchanged between CMS and the liquidators of CoOportunity, CMS has produced *fourteen documents* totaling one hundred and seven pages, *none* of which was in the sole possession of CMS—despite the fact that CMS began working with and overseeing healthcare cooperatives such as CoOportunity nearly a decade ago, and has been engaged either in the regulation of, or in litigation with, these entities ever since.

**Count One (Violation of the FOIA, 5 U.S.C. § 552)**

22. RSM repeats and incorporates by reference the foregoing paragraphs as though fully set forth herein.

23. RSM submitted valid requests under FOIA that were delivered to and received by CMS no later than January 29, 2020.

24. CMS has failed to respond as required by statute and has constructively denied the request by its failure to respond and its failure to produce the requested documents, which are not covered by any exemption. Under FOIA, because CMS advised RSM that it would take ten additional business days to process RSM's request, CMS was required to provide a response within 30 business days of RSM's request. *See* 5 U.S.C. § 552(a)(6)(A)(ii)–(iii).

25. As to RSM's specific request for documents and communications exchanged between CMS and the liquidators of CoOportunity, as of the date of this Complaint, CMS has effectively denied or has failed to make a complete production in response to RSM's request. Over nearly eight months, CMS has failed to take the statutorily required step of notifying RSM of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings. *See* 5 U.S.C. § 552(a)(6)(C).

26. As to the remainder of RSM's requests, as of the date of this Complaint, CMS has constructively and effectively denied or has failed to produce records requested by RSM in its January 29, 2020 FOIA request or to demonstrate that such records are lawfully exempt from production. *See* 5 U.S.C. § 552(a)(6)(C). Over nearly eight months, CMS has never notified RSM of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, or informed RSM that it may appeal any adequately specific, adverse determination.

27. By failing to provide a complete response to RSM's requests within the statutorily prescribed time limit, CMS has violated its duties under the FOIA, including but not limited to its duties to conduct a reasonable search for responsive records, and to produce all responsive, reasonably segregable, nonexempt information.

28. RSM has exhausted its administrative remedies by filing an administrative appeal. By failing to address RSM's arguments and failing to provide a complete response to RSM's

request, CMS has constructively and effectively denied RSM's appeal, both by its express refusal to conduct a reasonable search and produce responsive documents and by construction.

29. RSM is being irreparably harmed by CMS's violation of the FOIA. CMS undoubtedly possesses numerous nonpublic documents that are responsive to RSM's requests and not protected from disclosure by any applicable privilege. Those documents shed light on CMS's relationship with and regulation of CoOportunity, and access to them is necessary for RSM to mount a defense to claims levied against RSM by the liquidators of CoOportunity. RSM will continue to be irreparably harmed unless CMS is compelled to comply.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Order Defendant to conduct searches for any and all responsive records to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

2. Order Defendant to produce, by a date certain, any and all nonexempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3. Enjoin Defendant from continuing to withhold any and all nonexempt records responsive to Plaintiff's FOIA request;

4. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5. Grant any other relief this Court deems appropriate.

Dated: October 12, 2020

Respectfully submitted,

/s/ Michael C. Richards
Michael C. Richards, AT0010828
DAVIS, BROWN, KOEHN, SHORS
& ROBERTS, P.C.
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: MikeRichards@davisbrownlaw.com

Thomas H.L. Selby (*pro hac vice* forthcoming)
Jessica L. Pahl (*pro hac vice* forthcoming)
Graham W. Safty (*pro hac vice* forthcoming)
Matthew D. Heins (*pro hac vice* forthcoming)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
Email:   tselby@wc.com
         jlpahl@wc.com
         gsafty@wc.com
         mheins@wc.com

*Attorneys for Plaintiff RSM US LLP*